BOARD OF COUNTY COMMISSIONERS
OF SHELBY COUNTY, TENNESSEE,
et al., Plaintiffs–Appellees,

Shelby County Board of Education, et al.,
Intervenor Plaintiffs–Appellees,

v.

Charles W. BURSON, Attorney General
of the State of Tennessee, et al.,
Defendants–Appellants.

No. 96–6278.

United States Court of Appeals,
Sixth Circuit

Sept. 25, 1997.

Before: NELSON and NORRIS, Circuit
Judges; and COHN * District Judge.

## ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less that a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied. Judge Merritt delivered a separate concurring opinion.

MERRITT, Circuit Judge, concurring.

A petition to review the panel's decision in this case has been brought under Rule 35 of the Federal Rules of Appellate Procedure. Like the majority, I voted against rehearing but write separately to express my reservations about the panel's reasoning. The panel misunderstands Tennessee law on the election of school boards and failed to properly

* Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by

construe the state statute in question. It therefore unnecessarily reached a federal constitutional issue.

The state statute that the panel's opinion declared "unconstitutional" on vote dilution grounds can be read as consistent with the outcome of this case. Nothing in Tennessee Code Section 49–2–201 required Shelby County to adopt county-wide elections of the Shelby County School Board; it only requires "a board of education adopted by the people." T.C.A. § 49–2–201(a)(1). In fact, subsection (c) of the provision at issue provides that "[o]nly persons who are residents of the area served by a local education agency are eligible to serve on the school board in counties" such as Shelby County. *Id.* § 49–2–201(c) (upheld as constitutional by *County of Shelby v. McWherter,* 936 S.W.2d 923, 934–36 (Tenn.App.1996), *appeal denied* (Oct. 28, 1996)). I read this as evidence that the Tennessee legislature knew that some heavily populated counties have a municipal as well as a county school board. The Tennessee legislature therefore enacted subsection (c) to ensure that members of county school boards like Shelby County's would live in the county outside the city, the area served by the county school board. *See also* T.C.A. § 49–2–201(d)(1)–(2) (providing special considerations for municipal school boards in counties encompassing large cities). Among Tennessee's large counties, Shelby County is the only one that currently faces this problem. Nashville has a consolidated metropolitan government, while Knoxville, Jackson, and Chattanooga have all surrendered their school charters to their respective counties.

My only concern is that the panel's opinion in this case improvidently reached its conclusion on federal constitutional grounds, when under our doctrine of federalism it should have accomplished the same result with more judicial restraint. Because Tennessee law actually supports rather than contradicts the result in this case, I agree with the decision to deny rehearing of this case en banc. I do not agree, however, that a state statute, as characterized by the panel, that purports to

designation.

require county-wide voting for county school board members would be invalid under the federal constitution. But we should not have reached this issue in this case.